UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

FILED
KENNETH J. MURPHY

90 JUL 19 PM 2: 49

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

CRIMINAL MINUTES - SENTENCING

UNITED STATES OF AMERICA                    Case No. CR-1-90-044

vs.

PETER EDWARD ROSE                           Counsel: Roger J. Makeley, Esq.
                                                     Robert A. Pitcairn, Jr., Esq

Present:    Hon.            S. Arthur Spiegel

            Deputy Clerk    Libby Schaeffer

            Court Reporter  Mary Ann Ranz

            Asst. U.S. Atty. William E. Hunt

Proceedings:    Case called for sentencing. Deft. present with counsel.

Sentence: Count 2 - Custody 5 months followed by supervised release 1 year under special conditions: (1) confinement in community treatment center or halfway house 3 months; (2) abide by standard conditions of supervised release; (3) prohibited from posession of firearm or or other dangerous weapon; (4) provide access to any financial information requested by U.S. Probation; (5) continue psychiatric treatment for gambling addiction; (6) pay any state and local taxes due as result of this matter; (7) perform 1000 hours community service, 20 hrs. per week, at Cincinnati Public Schools and LaBlond Boys' Club.  Fine: $50,000.  Assessed $50.

    Count 1 - Custody 5 months, concurrent with sentence on Count 2. Assessed $50.

    Recommended: incarceration at Ashland, Ky., Federal Correctional Camp.

    Stay of execution: until August 10, 1990 at 12:00 noon.
    Any appeal due by July 29, 1990.

UNITED STATES OF AMERICA v. PETER EDWARD ROSE - CR-1-90-44

SENTENCE:

Therefore, in USA v. Peter Edward Rose, CR-1-90-44, the defendant having pled guilty to both counts of the information, and having been convicted thereby, this Court will sentence Mr. Rose on the guideline count, which is count two, first. The sentence of the Court on count two is that Peter E. Rose be committed to the custody of the Attorney General of the United States, or his authorized representative, for imprisonment for a period of _5_ months to be followed by a term of supervised release of one year with one of the conditions of supervised release being that Mr. Rose be confined in a community treatment center or halfway house for a period of _3_ months immediately following his release from imprisonment. Other conditions of supervised release are: that the defendant abide by the standard conditions of supervised release adopted by the United States District Courts for Southern District of Ohio; that the defendant

-2-

be prohibited from possessing a firearm or other dangerous weapons during the term of his supervised release; that the defendant provide the Probation Officer access to any requested financial information; that the defendant continue to receive psychiatric treatment for his admitted gambling addiction throughout the term of supervised release or until released by his psychiatrist in conjunction with the approval of the Probation Officer; that the defendant pay local and state income taxes owed due to the defendant's involvement in the matter before the Court today and Mr. Rose furnish the Probation Department with written documentation as to this matter; that the defendant perform 1,000 hours of community service, to be monitored by his probation officer, at the minimum rate of 20 hours per week during the one year supervised release term. During those months in which school is in session, Mr. Rose is to perform community service at the following Cincinnati Public Elementary Schools: Hayes, Oyler, Heberle, Heinhold and Rothenberg. During the summer months when

-3-

school is out, the defendant's community service is to be performed at the LeBlond Boys Club located at 1621 Logan Street, Cincinnati.

It is the further sentence of this Court that the defendant be fined a sum of $50,000 on count two, the purpose of the fine is to cover the cost of confinement, halfway house time, and supervised release, as well as the cost of Mr. Rose's prosecution. The defendant shall pay a special assessment of $50 on count two.

With regard to count one, it is the sentence of this Court that the defendant be committed to the custody of the Attorney General of the United States, or his authorized representative, for imprisonment for a period of _5_ months with such sentence to run concurrently to the sentence imposed in count two. It is the further sentence of the Court that the defendant be assessed a special assessment of $50 on count one.

The sentence in count one, which is the non-guideline case, has been made to run concurrent with the sentence in count two, the guideline case, because the calculation of the guidelines took

-4-

into account the behavior which constituted count one of the information.

The sentence in total is that Peter E. Rose will be confined at an institution of the Bureau of Prisons for a period of 5 months. It is the recommendation of this Court that Mr. Rose be designated to serve his sentence at the Ashland Kentucky Federal Correctional Institution Camp. Following the 5 months of imprisonment, Mr. Rose will be required to serve 3 months in a community treatment center or halfway house as a condition of his supervised release. The supervised release will last one year under the conditions previously noted. There is a fine of $50,000 to be paid immediately, and a total in special assessments of $100.

## COMMENTS OF JUDGE SPIEGEL ON THE SENTENCING OF PETE ROSE

In deciding what to do in this case, I have read everything that has been furnished to the Court, including the defendant's very complete sentencing memorandum and attachments, the many letters I have received from the public, which have been made available to Mr. Rose's lawyers as well as to government counsel and the Probation Department, and of course the presentence report prepared by the Probation Department.

I have a number of comments to make before imposing sentence.

Foremost, we must recognize that there are two people here: Pete Rose, the living legend, the all-time hit leader, and, the idol of millions; and, Pete Rose, the individual, who appears today convicted of two counts of cheating on his taxes.

Today, we are **NOT** dealing with the legend. History and the tincture of time will decide his place among the all-time greats of baseball. With regard to Pete Rose, the individual, he has broken the law, admitted his guilt, and stands ready to pay the penalty. Under our system of law and sense of fairness, when he

2

has completed his sentence, he will have paid his debt to society and should be accepted by society as rehabilitated. Only time will tell whether he is to be restored to his position of honor for his accomplishments on the ball fields of America.

Neither, are we here to consider whether Pete Rose was treated fairly by the Baseball Commissioner, whether the Dowd Report was an objective and balanced report of his activities, whether Pete Rose gambled on baseball, or whether he should have been banished from baseball.

We are here today to impose sentence on a man whose life has been an inspiration for millions of people because of his exploits on the ball diamond and his determination to succeed in his chosen profession. We hope that he understands that the sentence we impose is fair and necessary under the circumstances, and that he will make the most of the opportunities presented to him while confined and under supervision so that he can regain confidence in himself, continue his rehabilitation, help others, and therefore return to society with a clean slate having paid his debt.

3

Mr. Rose has pled guilty to two counts in the information, one count relating to a false tax return filed for the year 1985 and the other count relating to a false tax return filed for the year 1987. Because these counts cover two separate time periods they are governed by two different sentencing systems. Under count one, the judge determines the maximum length of the sentence but the Parole Commission determines how long the defendant will actually have to serve. Under count two, the sentencing range is governed by the Guidelines established by the United States Sentencing Commission and the sentence imposed by the judge is the actual time the defendant will serve.

In determining the appropriate punishment for a criminal offender, a judge must consider the need for respect for the law, deterrence, the protection of society, rehabilitation, retribution and fairness.

When considering these factors, the Court must look to the nature of the defendant's offense and to the defendant's personal characteristics. The purpose of Congress in prescribing the

4

guideline system of sentencing was to achieve honesty, uniformity, and proportionality in sentencing. The guidelines attempt to achieve these goals by requiring that each convicted person's sentence must be determined by coordinating his offense behavior categories with the offender characteristics categories. Thus, the guidelines consider the offense conduct, classified by criminal activity, and the offender characteristics, including the offender's relation to the victim, his role in the offense, obstruction of justice, the offender's acceptance of responsibility for his conduct, and his criminal history.

Since Mr. Rose's activity under count one is considered relevant conduct in determining his offender characteristics under count two, it would not be fair to impose a double sentence in this case, or consecutive sentences on count one and count two. In other words, concurrent sentences are going to be imposed on the two counts of the indictment so that Mr. Rose will not be penalized twice for the same activity.

5

Therefore, the sentence imposed in this case relating to confinement will be that mandated by the guidelines. However, it should be understood that this Court would have imposed a sentence on count one which would result in the same length of confinement as required under the guidelines, even if this were not a guideline case.

After carefully considering all of these factors, I have concluded that Mr. Rose must serve some time in a prison setting for his crime in order to maintain respect for the law and as a deterrent to others who might consider cheating on their taxes. Although I do not think that society needs to be protected from Mr. Rose, since he is on the road to rehabilitating himself, our law requires that when one commits a crime he must be punished and that the punishment must be fair. Recognizing that Mr. Rose is a well-known figure, it might be a temptation to make an example of him by imposing a heavy sentence. On the other hand, because he has suffered much in this past year, in his career and financially, there might be a temptation to go light. I have attempted to weigh

6

all of these considerations in determining Mr. Rose's sentence in an effort to be fair to the defendant and to fulfill the Court's responsibility to society.

Mr. Rose's sentence will include incarceration at a Federal Correctional Institution and a halfway house, supervised release and community service, and a fine to cover the cost of prosecution, confinement, and supervision. We are also fashioning his sentence to recognize the fact that during his career he has been unselfish, helping others, particularly children, both on and off the ball field. Hopefully, Mr. Rose will help the adult prisoners where he will be confined. The sentence will also require Mr. Rose to return to his roots in the inner city during his supervised release in order to help children there make something of themselves and to encourage them to work to succeed in their goals with the same determination and dedication that he did in his own life. We particularly want him to show these children that in spite of the mistakes he has made he can learn and profit from them and become a more humble and better person from the experience. Mr. Rose's

7

lawyers have pointed out that his hard work led him to "unprecedented heights" and "even his mistakes can serve as an example that no one is immune from personal problems nor above the law." We believe his enormous desire to succeed can be harnessed to help children in the inner city. The children with whom Mr. Rose will be working need a role model with whom they can identify in order to make the most of their chances in life. Pete Rose can provide the necessary inspiration, if he is the person I think he is.

### STATEMENT OF REASONS

In 1984, Congress passed into law the Comprehensive Crime Control Act. By doing so, the United States Sentencing Commission was created and was mandated to develop guidelines for federal judges to use in sentencing. These guidelines were created to further the basic purposes of criminal punishment: deterring crime, protecting society from the offender, providing just punishment, and rehabilitating the offender. The three main objectives Congress wished to achieve by creating sentencing

8

guidelines were: honesty, uniformity, and proportionality in sentencing. In simpler terms, the guidelines should ensure that people with similar backgrounds who commit similar crimes should receive similar sentences.

In that connection, Title 18 of the United States Code, Section 3553 requires the Court to consider specific factors in imposing a sentence. Those factors which this Court thinks are appropriate to this case are as follows: "To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and to afford adequate deterrence to criminal conduct."

So that all parties and the public have an opportunity to understand how the Court sentences criminal defendants, the law requires me to state in open court the specific reasons why a particular sentence is being imposed.

Peter Edward Rose pled guilty to Counts 1 and 2 of the Information, each charging Filing a False Federal Income Tax Return in violation of Title 28, U.S.C. 7206(1). The maximum penalty set

9

forth by law for each of these two counts is up to three years of imprisonment, a $250,000 fine, and a $50 special assessment. The law also provides in Count 2 for a period of up to one year of supervised release, and it further provides that the Court can order the cost of prosecution to be paid.

The appropriate guidelines for the offense of Filing a False Federal Income Tax Return are found at Section 2T1.3 of the United States Sentencing Commission Guidelines Manual. According to that guideline, the base offense level is established depending on the amount of tax loss caused by the offense since this offense was committed in order to facilitate evasion of federal income taxes. It has been established that the overall tax loss to the government was $162,703.15. According to the sentencing guidelines, when the tax loss exceeds $120,000 but is less than $200,000, the base offense level shall be 13. The guidelines then require the Court to consider certain adjustments to the offense level. In this case, there is only one adjustment applicable. Since Mr. Rose has demonstrated an affirmative acceptance of personal responsibility

10

for his involvement in this offense, the guidelines at Section 3E1.1 allow the Court to decrease the offense level by two (2) levels. The total offense level in this case is therefore 11.

In addition to the numeric offense level created by operation of the guidelines, the second most important factor is the criminal history category of the defendant. Mr. Rose has no known prior criminal convictions and, therefore, pursuant to the guidelines, has a criminal history category of I.

Based upon a total combined offense level of 11 and a criminal history category of I, the guideline range for imprisonment is from eight (8) to fourteen (14) months. There are several sentencing options available to the Court in a case of this nature. The Court may impose a term of imprisonment within the guideline range. The Court may also impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, providing that a least one half of the minimum term of the guideline range, which would be four months in this case, is satisfied by

11

imprisonment. In other words, using this option, the Court could require the defendant to serve four months imprisonment followed by a term of supervised release that includes four months residence in a community treatment center, halfway house, or similar residential facility or home detention.

A term of supervised release of up to one year may be imposed by the Court on Count 2 only.

Probation is authorized by statute in this case but not by the guidelines because the minimum term of imprisonment in the guideline range exceeds six months.

There is a $50 special assessment which is required by the statute on each of Counts 1 and 2 of the Information. There is a fine of up to $250,000 authorized on each of Counts 1 and 2. Since the guidelines control Count 2, the guideline range for a fine on that count is from $2,000 to $250,000. The Court could also require the defendant to pay the cost to the government of any imprisonment, probation, or supervised release ordered. Also,

12

pursuant to the statute, the cost of prosecution can be ordered paid by the defendant.

Having set forth the elements of the sentence, the Court inquires of the parties whether there are any objections or additions to the guideline findings of the Court?