# United States District Court

_Southern_ District of _Ohio_

FILED
KENNETH J. MURPHY
CLERK

90 JUL 19 PM 2: 49

| UNITED STATES OF AMERICA | JUDGMENT INCLUDING SENTENCE |
| V. | UNDER THE SENTENCING REFORM ACT |

PETER EDWARD ROSE

Case Number  CR-1-90-044

Robert A. Pitcairn, Jr., Esq.
Roger J. Makely, Esq.

(Name of Defendant)

Defendant's Attorney

Judge 4818
Mag. ____
Journal ✓
Motion # ____
Issue ____
Card ✓
N/S ____
Docketed ____

**THE DEFENDANT:**

☒ pleaded guilty to count(s) __One and Two__
☐ was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| Title 26 U.S.C. Section 7206(1) | Filing a False 1985 Federal Income Tax Return | One |
| Title 26 U.S.C. Section 7206(1) | Filing a False 1987 Federal Income Tax Return | Two |

The defendant is sentenced as provided in pages 2 through ____ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____, and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☒ The mandatory special assessment is included in the portion of this Judgment that imposes a fine.
☐ It is ordered that the defendant shall pay to the United States a special assessment of $ _____, which shall be due immediately. (See page 5)

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec. Number: _____

Defendant's mailing address: _____

Defendant's residence address: _____

July 19, 1990
Date of Imposition of Sentence

_[signature]_
Signature of Judicial Officer

S. Arthur Spiegel
U.S. District Judge
Name & Title of Judicial Officer

July 19, 1990
Date

Defendant: PETER EDWARD ROSE
Case Number: CR-1-90-044

Judgment—Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FIVE (5) MONTHS on Count 2 and for a term of FIVE (5) MONTHS on Count 1 which is to be served concurrently with the sentence imposed on Count 2.

☒ **The Court makes the following recommendations to the Bureau of Prisons:** that the defendant be imprisoned at the Ashland, Kentucky, Federal Correctional Institution Camp.

The defendant is granted a stay of execution of sentence until 12:00 noon of August 10, 1990, at which time he is to present himself at the designated institution.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district,

☐ at _____ a.m. / p.m. on _____.

☐ as notified by the Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case: 1:90-cr-00044-SAS Doc #: 12 Filed: 07/19/90 Page: 3 of 5 PAGEID #: 35
AO 245 S (3/88) Sheet 3 - Supervised Release

Judgment—Page 3 of 5

**Defendant:** PETER EDWARD ROSE
**Case Number:** CR-1-90-044

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ONE (1) YEAR on Count 2.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

The defendant shall be confined in a community treatment center or halfway house for a period of THREE (3) MONTHS. Other conditions are that the defendant abide by the standard conditions of supervised release adopted by the U.S. Courts for the Southern District of Ohio; that the defendant be prohibited from possessing a firearm or other dangerous weapons; that the defendant provide his Probation Officer access to any requested financial information; that the defendant continue to receive psychiatric treatment for his admitted gambling addiction throughout the term of supervised release or until released by his psychiatrist with the approval of his Probation Officer; that the defendant pay local and state income taxes owed due to involvement in this matter and that he provide the Probation Department with written documentation thereof; that the defendant perform ONE THOUSAND (1,000) HOURS of community service, to be monitored by his Probation Officer, at the minimum rate of twenty hours perweek. During those months that school is session, Mr. Rose is to perform community service at the following Cincinnati Public Elementary Schools: Hayes, Oyler, Heberle, Heinhold and Rothenberg. During the summer months when school is out, the defendant's community service is to be performed at he LeBlond Boys Club located at 1621 Logan Street, Cincinnati.

Defendant: PETER EDWARD ROSE
Case Number: CR-1-90-044

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: PETER EDWARD ROSE
Case Number: CR-1-90-044

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 50,100.00 , consisting of a fine of $ 50,000.00 and a special assessment of $ 100.00 .

☒ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

on Count Two, $50,000.00 fine and $50.00 assessment; on Count One, $50.00 assessment.

This sum shall be paid ☒ immediately.
☐ as follows:

☐ The Court has determined that the defendant does not have the ability to pay interest. It is ordered that:

☐ The interest requirement is waived.
☐ The interest requirement is modified as follows: